UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

PERCY BARRON,

    Plaintiff,

V.

ERIC OVERLEY,

    Defendant.

Civil Action No. 6: 19-026-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Percy Barron is a federal inmate who is currently confined at the United States Penitentiary ("USP") – McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Barron has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the defendant, Dr. Eric Overley. [R. 1]

The Court must conduct a preliminary review of Barron's complaint because he has been granted permission to pay the filing fee in installments. 28 U.S.C. §§ 1915(e)(2), 1915A. [R. 7] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Barron's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Barron alleges that on October 5, 2018, he submitted an electronic sick-call request to staff at USP-McCreary, stating that he had extreme left eye pain and the vision in his left eye was getting worse. [R. 1 at p. 2] Barron attributes this pain to his scarred and cloudy

left eye cornea. [*Id*.] Barron states that the nurses at USP-McCreary responded to his sick-call request and told him to report to sick-call with his noon meal. [*Id*. at p. 3] Barron alleges that, when he reported to his sick-call appointment on October 5, the sick-call nurse (Nurse Lawson) referred him to Defendant Dr. Eric Overley, an optometrist contracting with the Bureau of Prisons ("BOP"). [*Id*. at p. 3-4] According to Barron, Dr. Overley (who was present at USP-McCreary on October 5) told Nurse Lawson that he was aware of Barron's October 5 sick-call regarding his left eye problem and that he would see him at USP-McCreary on October 12. [*Id*. at p. 4]

Barron further alleges that he reported to the USP-McCreary Health Services Department on October 12 to see Dr. Overley. [*Id*.] Barron states that, after he explained to Dr. Overley that he was having extreme pain in his left eye and his left eye vision was getting worse, Dr. Overley refused to examine Barron's eye because he said that there is nothing he could do for Barron's left eye problem. [*Id*.] Barron states that he previously received treatment for his left eye from another BOP-contract optometrist, Dr. Steven Clough, on June 15, 2015, while Barron was incarcerated at U.S. Penitentiary-ADX in Florence, Colorado. [*Id*. at p. 5][1] Barron states that Dr. Clough prescribed steroid eye drops for Barron's left eye, although Barron further states that these eye drops did not provide him relief from the pain in his left eye. [*Id*.] According to Barron, he informed Dr. Overley about his past 2015 consultation with Dr. Clough, but Dr. Overley did not attempt to review Dr. Clough's consultation. [*Id*.]

---

[1] The medical treatment for Barron's eye during his incarceration has been the subject of multiple lawsuits filed by Barron since 2004 in both this district and other federal judicial districts, all of which have been dismissed. *See Barron v. Casada et al.*, No. 6:18-cv-312-GFVT (E.D. Ky.); *Barron v. Katz*, No. 6:17-cv-195-KKC (E.D. Ky.); *Barron v. Fetterhoff, et al.*, No. 1:12-cv-1399-CMA-BNB (D. Colo.); *Barron v. Allred et al.*, No. 1:10-cv-2660-ZLW (D. Colo.); *Barron v. Nafziger et al.*, No. 1:08-cv-0378-CMA-CBS (D. Colo.); *Barron v. Nafziger*, No. 1:07-cv-1331-CMA-KMT (D. Colo.); *Barron v. Corry*, No. 6:04-cv-3388-DW (W.D. Mo.). Despite being specifically directed to list any other lawsuits filed in state or federal court in his complaint, Barron identified only one, *Barron v. Nafziger*, No. 1:07-cv-1331-CMA-KMT (D. Colo.). [R. 1 at p. 17]

Barron also claims that Dr. Overley had previously prescribed eye ointment for Barron's left eye pain while Barron was at USP-McCreary, but the eye ointment did not remove the pain from Barron's left eye. [*Id*. at p. 6] According to Barron, although eye pain and decreased vision can be caused from high eye pressure, Dr. Overley refused to use the eye examination equipment to check his left eye pressure on October 12, 2018. [*Id*.] Barron claims that he is now having migraine headaches and dizziness due to his extreme left eye pain and that his left eye vision has gotten worse. [*Id*.]

Based on these allegations, Barron claims that "the failure of defendant BOP contract Dr. Eric Overley (Optometrist) to examine plaintiff left eye and provide treatment for plaintiff left eye pain on October 5, 2018 and October 12, 2018 at USP McCreary constitutes medical malpractice under federal law." [*Id*. at p. 7] Barron claims that he sent Dr. Overley a "notice of intent to sue" letter regarding his allegations, but Dr. Overley did not respond. [*Id*. at p. 8] As relief, Barron seeks compensatory damages against Dr. Overley "for the physical injuries resulting from his failure to provide medical care to the plaintiff," as well as a court order directing the staff at USP-McCreary to permit Barron to see a different optometrist for an eye examination. [*Id*. at p. 18]

However, the Court must dismiss Barron's complaint for failure to state a claim. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

First, the nature of the claim asserted by Barron is not entirely clear. Although Barron claims that Dr. Overley's refusal to examine and provide treatment for Barron's left eye constitutes "medical malpractice under federal law," medical malpractice is a tort claim governed by state law, not a claim based on federal law. Even so, to the extent that Barron's allegations suggest a claim under the Eighth Amendment of the United States Constitution based on deliberate indifference to Barron's serious medical needs, such a claim is not cognizable against Dr. Overley. The *Bivens* doctrine allows a federal prisoner to bring a money-damages suit against federal officers who violated certain constitutional rights. *Carlson v. Green*, 446 U.S. 14 (1980). However, according to Barron's allegations, Dr. Overley is not an employee of the BOP, but instead provides medical services to inmates at USP-McCreary through a contract with the BOP. [R. 1 at p. 15] Thus, a *Bivens* claim against Dr. Overley will not lie because he is not a federal officer, and Kentucky tort law provides an adequate remedy for inadequate medical care. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-74 (2001) (holding that no private cause of action should be implied under *Bivens* against private corporation operating halfway house under contract with BOP); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (declining to imply cause of action under *Bivens* for inadequate medical care provided to inmate of prison run by private company, in part because "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake.").

Moreover, Barron's allegations do not support a claim that Dr. Overley was "deliberately indifferent" to Barron's serious medical needs. "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective

4

component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

Even if the condition of Barron's left eye in October 2018 was sufficiently serious to implicate constitutional concerns, to establish "deliberate indifference" to Barron's condition, Barron must allege facts sufficient to show that Dr. Overley acted with a knowing and culpable disregard for his well-being, demonstrated by circumstances such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing.").

What will not suffice are allegations that plaintiff's doctors were merely negligent in their diagnosis of the prisoner's medical condition, or simply failed to provide adequate medical care. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). *See also Comstock*, 273 F.3d at 703. Indeed, "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson,* 398 F.3d at 875 (quoting *Comstock*, 273 F.3d at 703). Here, Barron repeatedly states that Dr. Overley committed "medical malpractice" (which is a negligence claim), and makes no allegation that Dr. Overley subjectively perceived a risk of harm to Barron, then disregarded it.

[R. 1 at p. 7, 8] However, allegations of medical negligence are simply insufficient to state a claim for violation of Barron's constitutional rights.

Moreover, Barron concedes that Dr. Overley provided treatment for Barron's left eye by previously prescribing eye ointment for Barron's left eye pain, although Barron claims that the ointment did not remove the pain. [*Id*. at p. 6] But the fact that, with the benefit of hindsight, a prescribed course of treatment failed to remedy the condition is not sufficient to show deliberate *indifference*. Thus, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Baker v. Stevenson*, 605 F. App'x 514, 517 (6th Cir. 2015) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F. at 703. A prisoner's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011). Dr. Overley provided Barron with medical care related to his eye and Barron's allegations that the medical treatment provided fell below the applicable standard of care do not suggest the sort of intentional indifference which is the touchstone of a constitutional claim under the Eighth Amendment.

For all of these reasons, Barron has failed to state an Eighth Amendment claim upon which relief may be granted, and the Prison Litigation Reform Act therefore provides for dismissal of that claim. *See* 28 U.S.C. § 1915(e)(2)(B).

The remaining allegations in Barron's complaint reference medical negligence, which is a claim sounding in Kentucky tort law, not federal constitutional law. The Court reaches no conclusion as to any state law medical malpractice, negligence, or other tort claims Barron may wish to assert. Instead, the Court will decline to exercise its supplemental jurisdiction over any such claims, as Barron fails to allege any independent basis for this Court's jurisdiction over those claims aside from the dismissed Eighth Amendment claim. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Accordingly, the Court hereby **ORDERS** as follows:

1. To the extent that the plaintiff's complaint [R. 1] alleges a claim against the defendant for violation of the Eighth Amendment, this claim is **DISMISSED WITH PREJUDICE**;

2. The remaining state law claims alleged in plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Dated April 10, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY